IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Emery Miller, | NO. C 07-03027 JW |
|         Petitioner, | **ORDER TO SHOW CAUSE RE: WRIT OF HABEAS CORPUS PETITION** |
| v. | |
| Ben Curry, | |
|         Respondent. | |

## I.  INTRODUCTION

Petitioner, represented by counsel, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Board of Parole Hearing's determination that he is unsuitable for parole. The Court orders Respondent to show cause why the Petition should not be granted.

## II.  BACKGROUND

According to the Petition, Petitioner was sentenced on September 3, 1975 for a murder occurring on June 9, 1974. In the early morning of June 9, 1974, Petitioner and one other person beat a man to death. On June 27, 2004, Petitioner was denied parole for the twentieth time, primarily because of his commitment offense.

On May 27, 2005, Petitioner filed his petition for writ of habeas corpus in the Superior Court of California for the County of Santa Clara. On August 18, 2005, the Superior Court denied his petition. The California Court of Appeals and Supreme Court subsequently issued summary denials.

### III. DISCUSSION

**A.  Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appear from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Petitioner's Claim**

Petitioner alleges that the repeated determinations that Petitioner is unsuitable for parole is a denial of due process. Specifically, Petitioner contends that the Parole Board's actions, and the subsequent affirmations by the state courts, have arbitrarily denied him parole despite the absence of a factually supported showing that he currently represents an unreasonable risk of danger to society. Liberally construed, Petitioner's claim appears cognizable under § 2254 and merits an answer from Respondent.

In light of Petitioner's claim, the Court orders Respondent to show cause why the Petitioner's petition for a writ of habeas corpus should not be granted.

### IV. CONCLUSION

The Court ORDERS as follows:

1. The Clerk shall serve by mail a copy of this Order and the petition and all attachments upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy

2

of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  August 3, 2009

JAMES WARE
United States District Judge

3

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Steve M. Defilippis flipsmd2005@yahoo.com

**Dated:   August 3, 2009**                             **Richard W. Wieking, Clerk**

                                                                   **By:      /s/ JW Chambers**
                                                                              **Elizabeth Garcia**
                                                                              **Courtroom Deputy**